**In re See Vang THAO.**

No. 94-22-M.P.

Supreme Court of Rhode Island.

Jan. 20, 1994.

Vang Thao, pro se.

OPINION

PER CURIAM.

The petition of See Vang Thao comes before the supreme court following her meeting with a panel of the Board of Bar Examiners on December 6, 1993. The petitioner, See Vang Thao, seeks this court's permission to take the Rhode Island bar examination for a fourth time, in violation of the three-examination limit set forth in Rule 1(f) of Article II of the Supreme Court Rules on the Admission of Attorneys and Others to Practice Law.

The petitioner asserts that because she began to learn the English language as a refugee in the United States at eleven years of age, she requires additional time to complete assignments. According to a letter from the dean of her law school, petitioner, as a special needs English language handicapped student, was allowed an additional hour for each three-hour examination. The petitioner availed herself of the additional hour during her second and third years of law school. The petitioner asks this court to allow her to take the bar examination for a fourth time and to allow her one additional hour at each of the four three-hour exam sessions.

This court, in an order effective January 30, 1992, directed that "[c]ommencing with the February 1993 bar examination * * * no person who prior to the date thereof or at any time thereafter has failed a total of three (3) bar examinations, whether in Rhode Island or in any other combination of states, districts, or territories of the United States (including the District of Columbia), will again be permitted to take the Rhode Island bar examination, and no special order excepting any such person from this three (3)-examination limit will be granted by this court." Rule 1(f) of Article II of the Supreme Court Rules.

We are of the opinion that the sound interests of the practice of law in this state would not be served by this court's waiver of this recently-adopted order. Nor are we persuaded that an extension of time, and nothing more, would be appropriate. As a condition of granting special permission in this instance only to take the examination one additional time, the court shall impose upon the petitioner additional educational requirements. Because the petitioner states that she was uninformed about the Board of Bar Examiner's policy on special testing accommodations (requiring documentation of an impairment and a letter from the dean of the applicant's law school setting forth its procedure for testing and policy for allowing extra time for examination), we grant the petitioner permission to take the bar examination one additional time if, and only if, she engages in and successfully completes at least a two-semester, two-course sequence of intensive study in English writing, composition and reading at an accredited post-secondary institution of higher education. Upon proof of such accomplishment as evidenced by an official transcript sent to the Board of Bar Examiners showing average or better grades in at least two courses at the institution, the board may allow the petitioner to sit for the bar examination one additional time, no sooner than February 1995. At such time the board may grant one additional hour for each of the four sessions of the examination.

MURRAY, Justice, Dissenting.

I respectfully dissent. Prior experience dictated the wisdom of the rule as adopted January 30, 1992. The circumstances of this case do not persuade me that the rule should be eroded, especially within such a short time of its adoption. The bar examination is a demanding experience for any person who decides to sit for it. This court has a deep appreciation for the myriad inconveniences which individual cases may involve; however, uniformity of rules for eligibility are both desirable and necessary. I would therefore deny the application.